No. _____



U.S. COURT OF APPEALS
**RECEIVED**
**Jun 05, 2024**
FIFTH CIRCUIT

# In the United States Court of Appeals

# For the Fifth Circuit

### In RE: John E. Hall aka John "Jay" Hall,  Petitioner

### On Petition for a Writ of Mandamus  from the
### United States District Court for the Southern District of Texas,
### Houston, Division Case No. H.20-3740 and Case No. 4:23-CV-01620

## PETITION FOR WRIT OF MANDAMUS

Majorie Cohen,
Attorney City of Houston
email:majorie.cohen@houstontx.gov

Ghazal A. Vahora
Attorney City of Pearland
email:ghazal@sraollc.com

Joaquina Spikes aka Joaquin
unknown  Address
PUE LLC
PUE Energy
Ursula Robinson, PUE Employee
unknown
Henrine McCullum, PUE Employee
unknown

Marrick Armstrong
Attorney City of Pearland
email:marrick@srapllc.com

## CERTIFICATE OF INTERESTED PERSONS

No. _____

Mayor John Whitmire
City of Houston
901 Bagby
Houston, Tx. 77002

Jasmine Crockett
1616 Longworth House
Office Building
Washington DC, 20515
202-225-8885
214-922-8885

Miguel Cardona
1600 Pennsylvania Ave. NW
Washington, DC 20500
202-456-1111
20530-0001

Attorney General
Merrick B. Garland
U.S. Dept. of Justice
Washington, D.C.

Jim Jordan
Chair House Judiciary Committee
2138 Rayburn House Office Building
Washington, DC 20515
202-225-3951

Petitioner
/ S /  John E. Hall aka John "Jay" Hall

_____

John E. Hall, aka John "Jay" Hall, Pro Se

# TABLE OF CONTENTS

**Page**

Certificate of InterestedPersons…………………………………...…………i

Table of Content……………………………………………………………ii

Table of Authorities…………………………………………………………iii

Statement Regarding Oral Argument……………………………………iv

Statement of Relief
Sought………………………………………….. ……………v

I.Introduction …………………………………………….…………1

II.General Issues……………………………………………7-9

III.Issue: Questions Evidentiary Hearing…………………………9

  A. Statement of Facts………………………………………10-12

  B.Reasons the Writ Should be Issued …………………....………12-16

V. Issue: Questions Failure to Enter Default Judgment Entry ……16-17

  A. Statement of Facts ……………………………………17-22

  B. Reasons Why Writ Should Be Granted …………………….…...22-25

  VI. Issue: Questions Failure to Investigate Fraud on the Court.. 25-27

  A. Statement of Facts ……………………………………27-30

**B. Reasons Why Writ Should Be Granted** ................................**30**

**VII. Issue: Questions Failure to Disqualify or Recuse Oneself. 30-31**

**A. Statement of Facts** ..............................................**31-32**

**B. Reasons Why Writ Should Be Granted** ...........................**32-35**

**VIII. Petitioner Has No Adequate Remedy by Appeal** ..................**35**

**IX. Conclusion** ................................................ **35 -37**

**X. Prayer** ....................................................**37**

**X. Certificate of Service** ......................................**38**

**XI. Certificate of Compliance** ..................................**39**

**XII. Appendix** ...............................................**40-49**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

Bauman v. United States District Court, 557 F. 2d.650 (9th Cir.197..10, 14

Borderlon v, Peck (1983) ……………………………………………………..2

Canon 3(A)(4) of the Code for United States Judges ……………………33

Chambers v. NASCO, Inc. 501 U.S 32 , 44 (1991) ………………………27

CJC Holdings, Inc. v.Wrightlate, Inc. 979 F.2d 60, 64 (5th Cir.1992)......24

Cole v. Carson, 802 F.3d. 752, 770-71 (5th Cir. 2015)..............................2

Elliot-Park v. Mangling, (9th Cir. 2010) ………………………….………..37

Farrar v. Lapan, No.20-10554, 2022 W.L.4122043, (E.D.Mich.Sept. 9, 2022) ………………………………………………………….………..29

Germano v. Taishan Gypsum Co. (In re Chinese-Manufactured Drywall

Prods. LiabLitig.) 742 F. 3d. 576 (5th Cir, 2014) …………………………24

Hernandez v. City of Houston, (2018)......................................................15

In re Gee, 941 F.3d. 153, 17 (5th Cir. 2019).............................................10

In re U.S. Dept. of Home Sec. 459 F. 3d 304, 311 (5th Cir. 2006)...........12

Case: 24-20253    Document: 5-1    Page: 5    Date Filed: 06/07/2024

In the Lloyd's Register N. Am., Inc. No. 14-20554 (5th Cir. 2015).............13

In re United States ex. Rel. Drummond, 886 F.3d 448, 449 (5th Cir.2018). 7

In re Volkswagon of Am., Inc.545 F.3d. 304, 311 (5th Cir.2008)...............10

Lijeberg v. Health Services Acquisition Corp. 486 U.S. 847
(1988)....................................................................................................31

Lindsey v. Prive Corp., 161 F.3 d.886, 893 (5th
Cir.1998)...............................................................................................24

Liteky v. United States, 510 U.S. 540
(1994)....................................................................................................31

Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)..............................15

Mathews v. Eldridge, 424 U.S. 319, 424 U.S. 344 (1976).......................34

Marshall v. Jerrico, Inc. 446 U.S. 238 (1980)............................................34

Medford v. Invengo Tech. Corp, No. 4:17 -cv-851 (E.D.Tex. Aug. 2018) ..17

New York Life Ins. Co. v. Brown, *4 F.3d. 137, 141 (5th Cir, 1996)...........17

Plastech Holding Corp. v. WM Greentech Auto. Corp., 257 F.Supp.3d. 867,
874(E.D.Mich.2017)................................................................................29

Peterson v. John Hancock Mut. Life Ins. Co. 116 F.2d. 148, 151 (8th
Cir.1971)...............................................................................................15

Rozier v. Ford Motor Co., 73 F. 2d. 1332, 1338 (5th Cir. 1978)................26

Rx. Com. v. Medco Health Solutions, Inc. 322 394.............................3

Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n., 874 F.2d 274
(5th Cir. 1989)..................................................................22, 23


*Telecommunication Research & Action Center v. FCC* , 750 F.2d 70 (D.C.
Cir. 1984)........................................................................17

United States v. Zolin, 491 U.S.554 (1989)..............................................23

U.S.v. Fincannon, No.7:08-cv-61-0,
(2009)..........................................................................25

Walker v. Packer (827 S.W.2d 833, 1992), ...........................................13

Wilson v. Johns-Manville Sales Corp., 873 F.2d. 869, 872 (5th Cir.1989.26

Rule 26...........................................................................32, 33

Canon 3 (A)(4) .................................................................. 23

F.R.C.P. 12(b) (6)..................................................................19

F.R.C.P. 55 (a) ..................................................................12

F.R.C. P.  55(b)(2) ...............................................................22

F.R.C.P. 296 Findings of Law and Conclusions of Law .....................33

28 U.S.C. 455(a) ...............................................................30

28 USC 455(b)..........................................................................31

General Order 800-12 ................................................................................11

Exhibit 1, Exhibit 2, and Exhibit 3 ....................................................10

Case: 24-20253    Document: 5-1    Page: 8    Date Filed: 06/07/2024

## STATEMENT REGARDING ORAL ARGUMENT

I request an oral argument on the issues presented. The delay of the aforementioned issues have tacitly affirmed a conspiracy to obstruct justice by failing to answer motions in a timely manner. A telephonic or video oral argument can help the Court resolve these matters through dialog with opposing counsel surrounding legal theories and evidence presented.

## STATEMENT OF RELIEF SOUGHT

Petitioner, John E. Hall, seeks mandamus relief directing the

district court to do the following: (A) Correct the fraudulent legal opinion

dated August 1, 2022 which which affirmed by the 5th Circuit Panel and

written by Judge Lynn Hughes, (B) Remand old case back to District Court

under a different Federal Judge based on the use of May 31, 2018

as verified as fabricated evidence by Houston FBI, (C) Vacate the

fraudulent August 1, 2022 legal opinion, (D) recuse  5th Circuit panel of

Judges who affirmed fraudulent August 1, 2022 legal opinion from

participating in writ of mandamus inquiry, (E) Address motion to recusal

District Judge(s) under F.R.C.P. 455(a), (F) Address motion to

Disqualification District Judge(s),  (G) address motion for entry of default

judgment on Joaquina Spikes aka Joaquina Winslow and co-defendants,

(H) Address failure to have defendants comply with  F.R.C.P. 26 , (I)

Address motions for evidentiary hearing, (J) Address motion for summary

Judgment, 12(B)(1), and 12(B)(6) (K) Address motion for res judicata,

(L) Address motion for leave to consolidate small claims cases under 42

ix

USC 1981 claims,  (M) Address motion to add defendants, and (N) Address a discovery motion for electronic stored information (ESI) which  has consistently been denied. In closing, Petitioner claims that both district court Judges have engaged in an egregious scheme to deprive him of his constitutional rights and to ensure a fair trial so he can be compensate for his damages.

x

# INTRODUCTION

This writ involves two overlapping of two civil rights cases: cause no. 4:23-cv-01620 and case no. H-20-3740 which involved a police cover up that spanned 30 years based on derogatory information filed in petitioner's IAD file as part of a **stigma plus smear - post employment retaliation conspiracy.** When Petitioner would made any open records request, the Police Department would fraudulent conceal the tainted criminal investigation; yet, distributed the same adverse info to other law enforcement agencies in order to deny relator employment with them. To continue this conspiracy, the City of Houston fabricated a government record on May 31, 2018 to cover up the tainted 1994 criminal Investigation.  The City of Houston used the May 31, 2018 record to dismiss his first lawsuit. Petitioner challenged the final judgment based on fraud  but it was still affirmed by a three member panel at the 5th Circuit.

On Oct. 3, 2020, petitioner was informed by Officer Cromwell at the police gun range that his payroll  was flagged with derogatory information from the

1

1994 incident which petitioner had been exonerated from. Petitioner filed a second lawsuit. On August 24, 2023, Judge Hoyt denied petitioner multiple evidentiary hearings after plaintiff filed background material showing Joaquina Spikes had a strong proclivity for engaging in fraudulent activity.

According to Cole v. Carson, 802 F.3d. 752, 770-71 (5th Cir. 2015), when police fabricate evidence such as the May 31, 2018 government document; then, such a fabrication of evidence is a constitutional due process violation.  In current  case, Judge Hoyt's  decision to deny plaintiff's motions for evidentiary hearing were part of a scheme to  conceal and deny government records, i.e. May 31, 2018 and other information, which were material to allegations of fraud and which would support his legal claims.

In addition to introducing fabricated evidence, this case involved the institutionalized practice and pattern of fraudulently  concealing government records during pending litigation.  According to  Borderlon v. Peck (1983) description of fraudulent concealment:

> "It is based upon the doctrine of equitable estoppel" and Texas
> courts, whichhave "long adhered to the view that fraud vitiates
> whatever it touches, have     2

consistently..held that a party will not be permitted to avail
themselves of the protection of a limitations of statute when by his
own fraud he has prevented the other party from seeking redress
with the period of limitations. 349 "to reward a wrongdoer for his
own fraudulent contrivance," the court note further, "would
make the statute a means of encouraging rather than preventing
fraud.

As noted by, Rx.com v. Medco Health Solutions, Inc. , 322 Fed. Appx. 394

(5th Cir. 2009), there are two elements to satisfy fraudulent concealment

(1) the defendants concealed the conduct complained of; and (2) the

plaintiff failed, despite the exercise of due diligence on his part, to discover

the facts that form the basis of his claim.   Despite the City of Houston

concealing the original politically motivated criminal investigation and

offering the fabricated evidence in its place, plaintiff through his own

exercise of due diligence had the May 31, 2018 City of Houston record

verified by an FBI agent to be fabricated evidence.  All defendants,

witnesses, and Judges knew that the May 31, 2018 document was

fraudulent before it was used by City Attorneys in their dismissal pleadings.

Plaintiff requested the same open records request on May 28, 2020

which resulted in the June 12, 2020 email by City of Houston employee,

3

Kim Coyne, who claimed Plaintiff's ex-wife made a complaint against him.

The  June 12, 2020 email confirmed that the City of Houston was

concealing records which were requested on May 1, 2018. As stated, this

practice has been institutionalized at the Houston Police Department. In

Hernandez  v. City of Houston (2018), the Houston city officials intentionally

destroyed evidence, wiping crucial data from the computer drives of top

Commanders that was potentially relevant to the lawsuit.

### *The Continuation of Fraud  with a Twist of  Judicial Misconduct*

The corruption networks within the City of Houston were based on "secret

trust relationships" enabled by conflicts of interest. I was recruited to work

for an individual named Joaquina Spikes. Her company was named Pure

Urban Excellent. It was a start up energy company and I was hired as the

company's global security officer. Ms. Joaquina Winslow presented

documents that her company had been awarded a 5 Billion dollar for

her energy project.  By profession, Ms Winslow was a grant writer.  I did not

vet Ms Winslow because she was recommended by a reputable veteran

4

federal officer.

As part of credentialing for the job, I had to obtain my HPD ID after qualifying at an outside range. So on October 3, 2022, I went to the Houston Police Gun Range and was told that I could not receive my Houston Police Official Identification Card because my payroll was flagged with negative comments from the administrative personnel concerns Investigation committee in 1995. I was shocked because I had never been enrolled in an APC program. On October 12, 2022, I was approved to receive my official Houston Police Identification Card. Based on the October 3, 2022 information that my payroll had been flagged with adverse information, I filed case no. 4:23 -cv-01620. During the pendency of the second lawsuit, I had been working for a CEO named Joaquina Winslow. On Feb. 20, 2023, I was terminated from PUE. On March 6, 2023, CEO Joaquina Wislow informed retired HPD Sergeant A. Jefferson that I was terminated because I refused to drop my lawsuit against the City of Houston.

On March 10, 2023, after speaking with EEOC Director, Rayford Irving,

who informed Spikes that he wouldn't conduct an EEOC investigation.

After that phone conversation, Joaquina Winslow made a false theft police

report with the Pearland Police Department claiming I stole her intellectual

property. The police report was made on March 10, 2023 but I was never

notified. The Pearland Police Department used the same tactic that the

Houston Police Department used which was to place adverse information

In my IAD file affixed to my name without notifying me. I repeatedly asked

for evidence hearings to examine evidence and to confront my accuser(s)

under Oath.

On August 24, 2024, Judge Hoyt denied all motions for evidentiary

hearings including fraud. See appendix. On January 29, 2024, six former

employees and grant participants from Mississippi and Louisiana came to

Houston with their contracts for over a million dollars, affidavits, and

business records to file as witness/plaintiffs under case no: 4:23-cv-01620.

These witnesses confirmed that  CEO Joaquina Winslow had indeed

committed theft, fraud, and wire fraud.

6

# GENERAL ISSUES PRESENTED

1. Whether the district court clearly and indisputably erred and abused their discretion when he prepared on order denying petitioner  a number of evidentiary hearing which were not in the interest of justice.

2. Whether the district court clearly and indisputably erred and abused their discretion when he failed to rule on a default judgment entry and hearing which were not in the interest of justice.

3. Whether the district court clearly and indisputably erred and abused their discretion when he failed to rule on a disclosure motion for defendants which were not in the interest of justice..

4. Whether the district court clearly and indisputably erred and abused their discretion when he prepared an order denying fraudulent evidence,  fraudulent pleading, and fraudulent financial misconduct by defendants which were not in the interest of justice.

5. Whether the district court clearly and indisputably erred and abused their discretion when they and or he refused to a motion to recuse themselves which were not in the interest of justice.

6. Whether the district court clearly and indisputably erred and abused their discretion when they and or he refused to a motion to disqualify themselves which was not in the interest of justice.

7. Whether the district court clearly and indisputably erred and abused their discretion when they or he refused to [read the entire complaint] to become familiar with all facts, evidence, and causes of actions which was not in the interest of justice.

8. Whether the district court clearly and indisputably erred and abused his or their discretion when they or he violated their  [duty to hold an evidence hearing] involving claims of criminal misconduct which had a material outcome on petitioner's civil case.

9. Whether the district court clearly and indisputably erred and abused his or their discretion when they denied motions for disclosure, evidence hearing, and discovery with orders void of any legal reasoning or relevant facts.


10.    Whether the district court clearly and indisputably erred and abused his or their discretion when they or he had a [duty to take action] based on evidence and or documents declared criminal and fraudulent by a Houston FBI agent. The Judges had a duty to take action under the "crime-fraud exception" which allows certain documents to be disclosed to promote justice and eliminate unfair advantages.

11.    Whether the district court clearly and indisputably erred and abused their discretion when they or he had a [duty to sanction parties] for using fabricated evidence such as the May 31, 2018 government record used in both cases: case no. H-20-3740 and 4:23-cv-01620.

12.    Whether the district court clearly and indisputably erred and abused their discretion when they or he had a [duty to sanction parties] for committing wire fraud based on evidence detailed in the victim's affidavit submitted to the Court.

13.    Whether the district court clearly and indisputably erred and abused their discretion when they or he had a [duty to sanction parties] for filing a false theft report by the Pearland Police Report alleging petitioner stole property from Winslow aka Spikes aka Sikes without notifying petitioner.    8

14.    Whether the district court clearly and indisputably erred and abused their discretion when they or he had a [duty to investigate allegations of police misconduct] when petitioner provided facts that the Houston Police Department engaged in official oppression when they contacted petitioner's son and threatened him with arrest as a form of retaliation against me in the interest of Justice.

15.    Whether the district court clearly and indisputably erred and abused their discretion which resulted in the appearance of partiality, bias, and unfairness and prevented the Judge from performing his [duty of maintaining the judicial integrity] of the Court.

16.    Whether the district court clearly and indisputably erred and abused their discretion when he or they failed their judicial duty to protect the constitutional rights of each party in the lawsuit: Due Process (5th and 14th amendment); Equal Protection Under the Law-Adverse Treatment; Freedom of Speech, Protest Police and Judicial Corruption; Right to a Fair Trial; Right to Confront Witnesses; and Right against Double Jeopardy.

**I. ISSUE: QUESTION** SHOULD DISTRICT JUDGE(S) BE DISQUALIFIED FOR THE APPEARANCE OF IMPROPRIETY, CONFLICT OF INTEREST, ABUSE OF DISCRETION, A CONSPIRACY TO COMMIT FRAUD ON THE COUNT, AND **THE DENIAL OF AN EVIDENTIARY HEARING**

The purpose of the evidentiary hearing was to discovery allegations of

misconduct and to examine the facts and testimony under oath pertaining

to the May 31, 2018 City of Houston government record, the whereabouts

9

of the police complaint made by plaintiff's ex-wife, and the whereabouts of

Exhibits 1, 2, and 3 given to Judge Hughes. Also,  the testimony of Attorney

Ursula Williams regarding personal knowledge of illegal/inaccurate

politically motivated investigations  in 2007 and Oct. 3, 2022. The false

police report taken by Pearland Police on March 10, 2023 and the

testimony of Joaquina Spikes aka Joaquina Winslow regarding the

involvement of the Houston Police Department based on the March 6, 2023

statement to retired Sergeant A. Jefferson that I was terminated because I

failed to drop my complaint against the City of Houston.

## STATEMENT OF  FACTS

In re United States ex rel. Drummond, 886 F.3d. 448, 449 (5th Cir. 2018), a

writ is issued only if (1) the petitioner shows that it has a "clear and

indisputable" right to mandamus relief; (2) the petitioner has "no other

adequate means" to attain the desired relief; and (3)we are satisfied that

the writ is appropriate under the circumstances".  In the above case,

10

the Petitioner seeks this writ as relief based on clear cases of abuse of discretion or usurpation of judicial power by the lower court that impedes the administration of justice.

**On August 24, 2023, Judge Hoyt issued an ORDER under case no. 4: 23-cv-01620, stating: Before the Court are multiple motions, by Plaintiff John E. Hall related to his request for an evidentiary hearing. Having reviewed the motions, the responses by Defendants, and the applicable law, the Court is of the opinion that Plaintiff's motions should be DENIED. It is therefore,**

**ORDERED that Plaintiff's Motion for Evidentiary Hearing and Sanctions for Frivolous Pleadings Based on Fraud (Doc. 12) is Denied;**

**ORDERED that Plaintiff's Motion for Evidentiary Hearing (Doc. No. 17) is Denied;**

**ORDERED that Plaintiff's Motions for Permission to Subpoena Duces Tecum Witnesses for Evidentiary Hearing Scheduled for City of Houston, Attorney Ursula Williams, and Joaquina Spikes based on**

Fraudulent Pleadings and Law Violations (Doc. No. 21) is Denied;

ORDERED that Plaintiff's Motion for Permission to Subpoena

Duces Tecum Witnesses for Evidentiary Hearing Scheduled for

Attorney Ursula Williams based on Fraudulent Pleadings and Known

Law Violations (Doc.No. 21) is Denied.

Signed Judge Kenneth M. Hoyt
United States District Judge

*REASONS WHY WRIT OF MANDAMUS SHOULD BE GRANTED*

Petitioners are entitled to mandamus relief because (1) their right to the writ

is clear and indisputable; (2) they have no other adequate means to obtain

relief; and (3) the writ is appropriate under the circumstances,  as cited in re

Gee, 941 F. 3d 153, 157 (5th Cir. 2019); In re Volkswagen of Am., Inc. 545

F. 3d. 304, 311 (5th Cir. 2008) (en banc). In the current case, Petitioner

believes that **Judge Hoyt erred when he denied the evidentiary hearing**

**because none of the information sought was privileged.** In re U.S.

Dept. of Homeland Sec., 459 F.3d 565, 568, (5th Cir. 2006), a writ was

12

used to correct and enforce privileged information. Therefore, petitioner

claims that the district judge violated his 14th and 5th amendment due

process rights under equal protection under the law. Petitioner claims

that there was no law enforcement privilege since the case was closed 30

years ago.

In the Lloyd's Register N. Am., Inc. No. 14-20554 (5th Cir. 2015) case, the

Court provided a litmus test for a clear abuse of discretion when motions

exceed the bounds of judicial discretion.  The Court explained that if the

decision is in one sentence such as, "Having considered the motions,

submissions, and applicable law, the Court determines that all motions are

denied. The Court opined that it is an abuse of discretion for a district court

to grant or deny a motion to dismiss without written or oral explanation or

fails to address and balance the relevant principles and factors.

 In Walker v. Parker (1992), the Texas Supreme Court clarified the

standards for when mandamus relief is appropriate in cases alleging an

abuse of discretion. The court outlined two fundamental criteria:

Case: 24-20253    Document: 5-1    Page: 24    Date Filed: 06/07/2024

1. Clear failure by the trial court to analyze or apply the law correctly: Mandamus is warranted if the trial court fails to correctly interpret or apply the law to the facts, resulting in a decision that falls outside the zone of reasonable disagreement. This first prong ensures that the judiciary adheres to legal standards and does not veer into arbitrary or unreasonable interpretations.

2. A decision that is arbitrary or unreasonable: Even if the trial court has some discretion in the matter, mandamus will issue if the court's decision is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.

Petitioner argues that mandamus relief is warranted here because of the past patterns and practices of the City of Houston to destroy evidence. Petitioner believes that there are exigent circumstances in this case, relating to defendant, Joaquina Spikes aka Joaquina Winslow aka Joaquina Sikes. The defendant has obtained illegal name, evicted from her residence without informing the Court, and moved her business without informing the Court. Petitioner claims that if he waited until a final judgment; then, all evidence against this defendant and other defendants would be lost. Petitioner claims that defendant, Spikes aka Winslow, has been evicted from her residence and appeared to have abandoned her business office space.

In Bauman v. United States District Court, 557 F. 2d.650 (9th Cir.1977), the

14

court identified the same concern for injury to the plaintiff if a writ is not granted: (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief desire, (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (3) the lower court's order is clearly erroneous as a matter of law. (4) The lower court's order is an oft-repeated error, or manifests a persistent disregard of applicable rules. (5) The lower court's order raises new and important problems, or issues of law of first impressions.

In Peterson v. John Hancock Mut. Life Ins. Co. 116 F.2d. 148, 151 (8th Cir.1971), one citation reads, "A judge's discretion is not boundless and must be exercised within the applicable rules of law or equity". Petitioner claims that by denying petitioner motions for evidentiary hearings, the district judge abused his discretion. According to Mathews v. Eldridge, 424 U.S. 319 (1976), the court determined that the plaintiff has a right to be heard and a right to present evidence. In Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982), the Supreme Court held that the State's dismissal of a claim for procedural reasons without a hearing violated the individual's 14th

15

Due Process. The denial of the evidentiary hearing by Judge Hoyt also

eliminated the key testimony of Officer Cromwell who informed me that my

payroll was flagged with derogatory and inaccurate information on 10-3-22.

This information contradicted  HPD general order 800-12 which establishes

a 3 year record retention standard for unsustained internal affair violations.

The actions taken by Judge Hoyt were  extremely injurious and prejudicial

to my  case.

**II. ISSUE: QUESTION** SHOULD  DISTRICT JUDGE(S) BE DISQUALIFIED
FOR THE APPEARANCE OF IMPROPRIETY, CONFLICT OF INTEREST,
ABUSE OF DISCRETION, A CONSPIRACY TO COMMIT FRAUD ON THE
COUNT, AND **FAILURE TO ENTER DEFAULT A JUDGMENT ENTRY
AND JUDGMENT**

Petitioners are entitled to mandamus relief because (1) their right to the writ

is clear and indisputable; (2) they have no other adequate means to obtain

relief; and (3) the writ is appropriate under the circumstances. In deciding

whether to grant a default judgment , courts must remember that default

judgment is a drastic remedy, that it  is not required as a right of any

party even if the nonmovant is technically in default.

16

In Medford v. Invengo Tech. Corp, No. 4:17 -cv-851 (E.D.Tex. Aug. 2018):

Under FRCP 55(a), default is appropriate if a defendant has "failed to plead or otherwise defend" the suit.  New York Life Ins. Co. v. Brown, *4 F.3d. 137, 141 (5th Cir, 1996) The clerk of the court must enter a party's default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise".

In the present case, petitioner questioned why the clerk requested to file an entry for default judgment on Joaquina Spikes aka Joaquina Winslow aka Joaquina Sikes, her two companies, and her two employees. Petitioner claims that the Court erred in terms of the law and an abuse of discretion..

In the case of Telecommunication Research & Action Center v. FCC , 750 F.2d 70 (D.C. Cir. 1984) (" TRAC factors"), a writ of mandamus was sought to determine if the FCC was deliberately delaying the reimbursement for overcharging ATT. While this case concerned administrative agency law, the Court issued a writ to the FCC ordering a reimbursement schedule based on six factors to help define when a delay is "so egregious" that judicial relief is necessary.

17

These factors were: 1) whether the time the agency takes to reach a decision is governed by a "rule of reason"; 2) whether Congress has provided a timetable or other indication of the appropriate speed for the action; 3) whether the delay affects human health and welfare versus economic interests; 4) the effect of expediting the action in question on agency actions of higher or competing priority; 5) the nature and extent of the interests prejudiced by the delay; and 6) whether there is any impropriety behind the delay, although a finding of impropriety is not required. *Id.* at 79–80. Petitioner claims that these same six factors should have been applied by Judge Hoyt in addressing the delay in filing a default judgment entry. Petitioner initially believed that the delay was a matter of the Judge's discretion.

## STATEMENT OF FACTS

On May 8, 2023, Joaquina Spikes was served a summons and complaint. On May 9, 2023, co-Defendant, Ursula Robinson, was served a summons and complaint. On May 8, 2023, Henrine McMullum was served a summons and complaint. On May 8, 2023, Joaquina Spikes aka Joaquina Winslow was served a summons and complaint as CEO of PUE LLC and CEO of PUE Energy Group. Defendant, Joaquina Spikes, signed each

18

summons and complaint served on her and her businesses as Joaquina

Winslow. Summons and complaints were served on the City of

Pearland, the City of Houston, and Attorney Ursula Williams under case no.

4:23-cv-01620. These defendants submitted a responsive plead to the

Court denying allegations and claiming to defend themselves:

**On May 9, 2023, Joaquina Spikes forwarded a letter to the Clerk stating:**

 **Dear United States District Court of Texas:**

**As I am replying to the accusations within this attempt to sue, I only would like to acknowledge to the court at this time that myself, my employees and my company will be entering a countersuit against John E. Hall. All documents received have been forwarded to our local attorney. As we show respect to law and the courts, this is the response as to 21 days were the timeframe to respond. However, legal action to the full extent of the Texas law shall be requested today and every day forth against John E. Hall**

**Warm Regards,**
**Dr. J. Spikes, CEO**

To this day, Joaquina Winslow has not filed a responsive plead to defend

herself and Ursurla Robinson and Henrine McCullum. Therefore, from May

9, 2023 to May 29, 2024, Joaquina Winslow has not appeared in Court or filed a responsive plea to defend herself against the allegations. Nor has her two co-defendants, Ursula Robinson and Henrine McCullum.

Plaintiff filed several default judgment entry motions along with affidavits as listed in the Appendix Chronology before the Court without any action taken. **Plaintiff also filed a motion to amend the complaint based on new evidence, i.e. Defendant, Joaquina Spikes changed her name to a third alias, Joaquina Sikes.** The District Judge took no action on the default judgment entry motion or the motion to amend the complaint. On August 19, 2023, plaintiff hired several private investigators who conducted a background investigation on Joaquina Spikes and Joaquina Winslow. The private investigators revealed that during the pendency of this lawsuit, Joaquina Spikes, as of July 19, 2023, had changed her legal name to Joaquina Arneil Sikes, TDL #49562282, DOB. 01/05/1979, 408 Elder Grove Court, Pearland, Tx. 77584. The background investigative report was filed in the court records on August 21, 2023 just three days before the District Judge denied all evidence hearing motions on August 24, 2023.

The background investigation on Joaquina Spikes indicated that her real legal name was Joaquina Winslow. Under the Joaquina Winslow name, she had 26 driver license versions, 2 bankruptcies, 37 judgments, 32 evictions, and 3 different social security numbers.

Given the totality of the circumstance of facts and evidence placed in the court record, Petitioner claims that the court record reflected that Joaquina Spikes was a linchpin co-conspirator connecting all petitioner's claims and co-conspirators to her. Spikes claimed that she had political help from some members of the Republican Party, who took an interest in her Energy Project.  It is also important to note that the Houston Internal Affairs Division is working in the background to tamper with witnesses and or defendants in this case and in the previous case.

In case no.  4:23-cv-01620, IAD tampered with witness/defendant, Joaquina Spikes aka Joaquina Winslow and instructed her not to show up for Court. In case no.  H-20-3740, IAD tampered with witness/defendant Gayland Malveaux when they instructed her not to show up for Court.

21

These two cases reflect a pattern reflecting a conspiracy to impede the administration of justice. In the first lawsuit, IAD tampered with a process server who stated she could not longer be of service to me.

## REASONS WHY WRIT Of MANDAMUS SHOULD BE GRANTED

Petitioner is entitled to mandamus relief when (1) their right to the writ is clear and indisputable; (2) they have no other adequate means to obtain relief; and (3) the writ is appropriate under the circumstances.

Petitioner claims the district judge erred by abusing his discretion and misapplying the Law. In the Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n., 874 F.2d 274 (5th Cir. 1989). the fifth circuit ruled that under Rule 55(b)(2) virtually any action by a defendant would constitute an "appearance" requiring that the court, not the clerk, enter a default judgment, and then only after the defendant has been served in writing three days prior to the hearing on the application for default judgment. Therefore, the discretion to entry a default judgment was the responsibility

of the district judge and not the clerk. Petitioner therefore had to redirect this attention on whether or not the District Judge abused his discretion. Based on the evidence entered into the court record, plaintiff claims that the district judge erred because it was his duty to conduct a fair trial by applying case law and the crime fraud exception. Petitioner claims that the district Judge erred because he had a duty to investigate via an in camera review to determine if the crime fraud exceptions were being violated by defendant, Joaquina  Spikes aka Joaquina Winslow. (United States v. Zolin, 491 U.S. 554 (1989).   In a normal court, a default judgment is appropriate when a party's non-responsiveness has halted the adversary process (Sun Bank of Ocala v. Pelican Homestead Sav. Ass'n, 874 F.2d. 274, 276 (5th Cir. 1989). However, this was not a normal default judgment because some unknown attorney instructed Spikes about an approach to avoid a default judgment entry and delay the court process until she fled the jurisdiction of the Court. The district judge showed biases or the appearance of bias toward petitioner by ignoring petitioner's signed employment contracts signed and affidavits supporting that he worked a full year without

23

compensation.

In the Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998) case, it
 highlighted  six factors applicable to a default judgment entry. Factors
used by the 5th Cir. to determine "good cause" to set aside a default
judgment entry include: (1) whether default was willful; (2) whether setting it
aside would prejudice the adversary (Hall the plaintiff); and(3) whether a
meritorious defense is presented. CJC Holdings, Inc. v. Wright Lato, Inc.
979 F. 2d 60, 64 (5th Cir. 1992).  Over the past year, Spikes aka Winslow
has  offered the court, no evidence indicating that a "good faith mistake or
excusable neglect " justifying why she has not defended herself against
relator's claims.

In, Germano v. Taishan Gypsum Co. (In re Chinese-Manufactured Drywall
Prods. Liab. Litig.) 742 F. 3d. 576 (5th Cir, 2014) Finding that , though a
defendant received notice of the lawsuit, she failed to respond or stay
abreast of the status of the litigation against her constituting" a true
dereliction of her duty of diligence to inquire about the status of her

24

case. A finding of willful default ends the inquiry for when the court finds an intentional failure of responsive pleadings there need be no other findings. Spikes failure to respond was willful, not an issue of excusable neglect.

In  case, U.S. v. Fincanon, No. 7:08-cv-61-0, (2009) (holding that a plaintiff interest were prejudiced because the defendant's failure to respond brought the adversary process to halt.  Petitioner claimed that defendant failed to respond within a year (1).Petitioner further claimed that he has no other means of obtaining relief (2) because statute dictates that the Judge must decide absence a jury trial. And (3), petitioner claims that in this situation, a writ should be granted.   Relator claims that defendant Spikes has done nothing to file a responsive pleading to the Court addressing Petitioner claims within his lawsuit. Given the circumstances, relator claims that the district judge abuse his discretion because the delays adversely affected plaintiff's damage claims.

**III. ISSUE: QUESTION** SHOULD  DISTRICT JUDGE(S) BE DISQUALIFIED FOR THE APPEARANCE OF IMPROPRIETY, CONFLICT OF INTEREST, ABUSE OF DISCRETION, AND A **CONSPIRACY TO COMMIT FRAUD ON THE COUNT**

25

Petitioner has become overly concerned that both district judges have conversed among themselves and shared disputed information pertaining to this lawsuit based on similar actions taken by both which results in an abuse of discovery.

Petitioner characterizes these similar decisions such as denying me discovery in one case and then denying me an evidence hearing in the other case; leads to the same result which is a summary judgment based on no disputable evidence. Petitioner claims that once you add the introduction of the May 31, 2018 city record, the totality of their actions give the appearance of a scheme to deprive plaintiff of his constitutional rights. According to Rozier v. Ford Motor Co., 573 F.2d. 1332, 1338 (5th Cir. 1978). "Only the most egregious misconduct, such as bribery of a Judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute Fraud on the Court. Wilson v. Johns-Manville Sales Corp., 873 F.2d. 869, 872 (5th Cir.1989) defined Fraud on the Court as "a fraud perpetrated by officers of the court so that

26

the judicial machinery cannot perform in the usual manner and its impartial task of adjudging cases has been impeded. It "requires a showing of an unconscionable plan or scheme which is designed to improperly influence the court in its **decision**". Courts should grant relief for fraud on the court to protect the integrity of the courts. Chambers v. NASCO, Inc. 501 U.S. 32, 44 (1991).

Petitioner claims that the district judges in these two cases have deviated from the rules, laws, and statutes and therefore, compromised the integrity of the court.

## SUMMARY OF FACTS

Petitioner claims that officers of the court and the two district court Judges have become part of **a City of Houston scheme** where fabricated evidence has been allowed to penetrate the sanctity of the Court. Petitioner claims that the scheme to defraud the court consisted of three stages. The introduction of **the May 31, 2018 was the second phase of the conspiracy**. The **first part** of the scheme was the non-disclosure a

27

police complaint made by the plaintiff's ex-wife in 1994. The third part of the

scheme was when Judge Hughes filed the August 1, 2022 judgment. This

judgment was affirmed by the 5th Circuit panel. On Oct. 3, 2020, the

fraud which was covered up in the August 1, 2022 appellate opinion was

exposed as fraud on the court when Officer Cromwell informed petitioner

that his payroll had been flagged with derogatory information from 1994.

Officer Cromwell further stated he had to get approval from police attorney

Ursula Williams (2020) before he could approve me to receive a Houston

Police Department identification card.   Attorney Williams, was the same

police attorney who denied my record request in 2007. Therefore, the role

of Attorney Ursula Williams is significant because she has personal

knowledge of the original police complaint and the May 31, 2018 City of

Houston fabricated record. When Judge Hoyt denied petitioner the

evidentiary hearing that he sought, this was the fourth act in the scheme to

commit fraud on the court and deprive me of my constitutional rights. An

example of these schemes which I believe were not a coincidence is that

two key defendants, (Malveaux and Spikes) did not show up for Court

28

resulting in a default judgment status were told not to attend court resulting in a default judgment status. Petitioner claims that the two district judges facilitated these default judgments.

Petitioner claims that the officers of the court and the two district judges conspired to produce, conceal, and use fabricated evidence in order to deprive petitioner of a fair trial. Petitioner claims these officers of the court and Judges deviated from the Court's standard of judicial integrity. According Plastech Holding Corp. v. WM Greentech Auto. Corp., 257 F.Supp.3d. 867, 874 (E.D. Mich.2017), "When a party fabricates evidence purporting to substantiate its claims, federal case law is well established that dismissal is appropriate." In the Farrar v. Lapan, No.20-10554, 2022 W.L.4122043, (E.D.Mich.Sept. 9, 2022) case, the court has inherent powers to sanction a party for engaging in fraudulent conduct during the course of litigation, the court is suppose to consider the followings factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to

29

cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before **dismissal was ordered**. In the present case, both district judges allowed the fabricated evidence to be used in false pleadings. Neither district judge sanctioned any City of Houston attorney for introducing a fabricated document. Petitioner claims that the district **judges erred** by allowing City attorneys to based their pleading on **false evidence**.

## IV. ISSUE: QUESTION SHOULD DISTRICT JUDGE(S) BE DISQUALIFIED FOR THE APPEARANCE OF IMPROPRIETY, CONFLICT OF INTEREST, ABUSE OF DISCRETION, AND A CONSPIRACY TO COMMIT FRAUD ON THE COURT

Petitioner claims that both district judges: Hughes and Hoyt erred when they failed to disqualify themselves based on personal biases, appearances of impropriety, and conflicts of interest. According to 28 U.S.C. 455, the grounds for disqualification of a federal judge serve the purpose of ensuring impartiality, minimizing various forms of bias, and maintaining the integrity of the Court. Under 28 U.S.C. 455(a) , a judge must disqualify themselves in any proceeding where their impartiality might

30

Case: 24-20253    Document: 5-1    Page: 42    Date Filed: 06/07/2024

reasonably be questioned. The standard is an **appearance of impropriety.** Under U.S.C. 455(b), a judge must disqualify themself if they have a (1) a personal bias or prejudice concerning the party, or personal knowledge of disputed evidentiary facts.

In the Lijeberg v. Health Services Acquisition Corp. 486 U.S. 847 (1988) case, the Supreme Court held that a Judge's failure to disqualify themselves when required can lead to vacating a judgment. In the Liteky v. United States, 510 U.S. 540 (1994) case, the Court emphasized a display of deep-seated **favoritism** or antagonism which would make a fair trial impossible. Petitioner claims that the above district judges actions reflected a disposition of callous indifference with respect to executing their duties as officers of the Court.

**SUMMARY OF FACTS**

Petitioner patiently observed the district judge's performance in his case in comparison to his performance in other cases on his docket. Petitioner claims that the district judge deviated from established courtroom

31

procedure by **failing to establish a pre-trial conference schedule** for parties. Judge Hoyt did not instruct defendants to **disclose any witnesses or documents** in supporting their claims under F.R.C.P. 26. On August 24, 2024, the district judge continued the scheme of **denying me evidence to support my claim**s.

As reflected in the appendix, petitioner filed several motions to recuse and to disqualify the district judge. As previously stated, the district judge failed to issue a findings of fact and conclusions of law in his August 24, 2024 order. Petitioner claimed that this was a legal error. Petitioner claims that the cumulative effect of these acts gave the appearance of impropriety. Note: Petitioner filed motions to recuse the prior district judge based on racist rants, fabricated evidence, and fraudulent pleadings and that Judge refused to remove himself also.

**REASON WHY A WRIT OF MANDAMUS SHOULD BE GRANTED**

Based on the statute, the district judge had a duty to remove himself when his performance gave the appearance that he was being partial to one

party at the expense of the other party. Judge Hoyt's  actions reflected bias,

prejudice, and partiality rather than the neutrality of a fair as arbitrator.

Judge had a duty to be neutral.  Judge Hoyt violated Canon 3(A)(4) of the

Code for United States Judges. The canon stated that a judge should not

initiate, permit, or consider ex parte communications concerning a pending

case. In reaching this conclusion, Petitioner uses the actions taken by the

district judge as giving  the appearance of favoritism. Petitioner claims that

Judge Hoyt chose not to sanction  any defendant for failing to comply with

Rule 26. Overall, Judge Hoyt's actions resulted in no information, no

witnesses, and documents provided by defendants. When plaintiff filed

motions for evidentiary hearing, Judge Hoyt denied those motions and

failed to attach a findings of fact and conclusions of law (F.R.C.P. 296) to

support his order. Petitioner claimed the failure to provide an explanation

gave the appearance of impropriety.  Petitioner placed the fabricated  May

31, 2018 government record in the record.  Judge Hoyt failed to Inspect the

fraudulent record for its  authenticity. Judge Hoyt's failure to Inspect this

document gave the appearance of impropriety.

33

According to the language in the order, Judge Hoyt stated he **conferred with the defendants** regarding their views on my motion to hold multiple evidence hearing. However, because those conversations were not a part of the court's record; then, those communications are not reviewable on appeal. In the Marshall v. Jerrico, Inc. 446 U.S. 238 (1980) case, the due process clause entitles a person to an **impartial and disinterested tribuna**l in both civil and criminal cases. This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, (1)  the prevention of unjustified or mistaken deprivations and (2) the promotion of participation and dialogue by affected individuals in the decision making process. The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. Petitioner Claims that the two district court Judges violated their duty to be neutral.

According to Mathews v. Eldridge, 424 U.S. 319, 424 U.S. 344 (1976), neutrality preserves both the appearance and reality of fairness. Petitioner

34

claims that the district judge(s) had a statutory duty to remove himself (themselves). Based on they refusal to recuse themselves, Petitioner had no other alternative for relief but this writ of mandamus under these Draconian circumstances.

**PETITIONER HAS NO OTHER REMEDY**

Petitioner has no other remedies for relief to address a clear abuse of discretion and a failure to follow rules, statutory laws, and constitutional principles. Petitioner claims that the current violations of these principles and procedures by the district judge will result in a loss of evidentiary Information, a loss of defendants, a loss of money, and a loss of trust in the Judiciary. By seeking a writ of mandamus now, petitioner holds to correct the procedural and legal error that these two cases exemplify. Petitioner seeks mandamus in the interest of justice and to ensure a fair trial now.

**CONCLUSION:**

This writ seeks relief from a stigma plus conspiracy orchestrated by the City of Houston and affirmed by two district judges who refuse to grant me a

35

"name clearing" hearing. The affirmative acts taken by the City of Houston to cover up their misconduct and the retaliation was egregious. Starting with a criminal investigation that was motivated by a political association…. Plaintiff 's ex-wife was a friend to the wife of the City Attorney, Anthony Hall. Until one focused on the 'who' of the situation he or she could not understand the **permanency** of this political cover up. For thirty years, I could only describe what they did or when various types of retaliation took place.

And once we brought the political cabal into focus, one could explain the **permanency of the retaliation** because no internal investigation by the Houston Police Department would ever be authorized to name the high ranking city officials who were complicit in the decision to use government resources in a divorce matter. And in order to cover up the misconduct, any city attorneys, city employees, or district court judge who was ever associated with the City of Houston would be told **to deviate** from established policy, practices, procedures, ethics, and the law to protect the City of Houston from municipal liability despite contravening evidence. In

36

other words, the police would intentionally conduct diminished

investigations, Elliot-Park v. Mangling, (9th Cir. 2010).

This case demonstrates the role of two district court judges who engaged

in ex parte communication with a shadow unit of internal affairs officers

assigned to nullify my claims of wrongdoing, misconduct, and retaliation.

I have a 200k student loan that I can't pay because the internal affairs unit

flagged my payroll with derogatory information since Oct. 3, 2022. Prior to

Officer Cronwell informing me that my payroll was flagged; I had no

knowledge of the extent of this conspiracy to retaliate against me. I retired

in 2004 but was deemed unemployable by the Houston Internal Affairs

Division despite being overqualified for most jobs I applied for including the

Houston Chief of Police.

**PRAYER**

For these reasons, relator ask that the Court grant this writ of mandamus to

correct those specific violations of judicial duty and abuse of discretion  that

the Court deems necessary to afford relator a fair trial in the interest of

justice and that are necessary corruption of any kind.

37

Respectfully,

/s/ John E. Hall

_____

Dr. John E. Hall aka Dr. John Jay Hall
17818 Running Brook Ln
Spring, Texas 77379
Email: Jayearl2007@yahoo.com

## CERTIFICATE OF SERVICE

**I hereby certify a true and copy of the foregoing has been or will be forwarded to the following  Attorney, Ghazal A. Vahora at email: ghaza@srapllc.com on this date**

_____

**I hereby certify a true and copy of the foregoing has been or will be forwarded to the following  Attorney, M. Cohen, at email: majorie.cohen@houstontx.gov on this date**

_____

**I hereby certify a true and copy of the foregoing has been or will be forwarded to the following  Joaquina Spikes aka Joaquina Winslow aka Joaquina Sikes at email:
Searching _____on this date**

Respectfully,

Dr. John E. Hall aka Dr. John "Jay" Hall
17818 Running Brook Ln
Spring, Tx. 77379
Email: Jayearl2007@yahoo.com

## CERTIFICATE OF COMPLIANCE

This petition complies with: (1) the type-volume limitation of Federal

Rule of Appellate Procedure 21(d) because it contains

_____6945_____words, excluding the parts of the writ exempted by

rule 32(f); and (2) the typeface requirement of Rule 32(a)(5) and the

type style requirements of Rule 32(a)(6) because it has been prepared

in a proportionally spaced typeface (    14    ) using Microsoft Word

(the same program used to calculate the word count).

/s/ John E. Hall
_____

John E. Hall aka Dr. John "Jay" Hall
39

## DATES

May 5, 1995 HPD IAD dismissed an investigation by (plaintiff's ex-wife). The complaint was labeled insubordination.

May 8, 1995 HPD Administrative Personnel Concern investigation never occurred because Hall provided three physician statement claiming he had no psychological problems as claimed by a white racist Captain or a mentally unstable ex-wife who was receiving professional counseling for parenting issues that had nothing to do with me. If I was notify of the ex-wife's complaint, the case would have been dismissed.

August 28, 1995 EEOC complaint revealed that Malveaux (plaintiff's ex-wife) was meeting with the HPD sergeant who sought to disqualify me from the affirmative action position

Oct. 10, 1997 Assistant Chief Bradford was instructed to give Hall a copy of his complete IAD investigation by Attorney General Dan Morales. AC Bradford lied and did not.

September 3, 2009 Police Attorney Ursula N. Williams concealed the same complete IAD file from Hall which alleged that Hall was mentally unstable after HPD destroyed the medical records provided

October 29, 1987, Attorney General Jim Mattox in opinion No. 481. Officer has a special right of access to his personnel and IAD file

October 8, 1997, Attorney Dan Morales in his opinion informed Assistant Chief C.O. Bradford that Hall had a special right of access to his personnel and IAD file

Case: 24-20253    Document: 5-1    Page: 51    Date Filed: 06/07/2024

December 12, 2012 Attorney General Greg Abbot in opinion No. OR 2012 -20003. Officer's special right to access

May 31, 2018 Fabricated Evidence confirmed by Houston FBI agent

May 31, 2018 City document cited an illegal pen register and wiretap and cited illegal evidence labeled  Exhibit 1, Exhibit 2, and Exhibit 3

June 11, 2020 Kim Coyne, open records clerk, produced an email indicating that his ex-wife made a police report. The open record request was made on or about  May 28, 2020.

August 22, 2022 PUE LLC Secretary of State charter signed Joaquina Winslow

May 5, 2021, Plaintiff presented to Judge Lynn Hughes in open court the email presented to him from open records clerk , Kim Coyne. The presentation of this evidence is documented in the May 5, 2021 court transcript on pages 20-21 under case 4:20-cv-03740

May 5, 2021, Plaintiff informed Judge Lynn Hughes that the Police Union President confirmed that Hall had a special right to his personnel and IAD records information part of court transcripts

May 5, 2021, May 31, 2018 memo citing fraud by FBI agent was removed from Hall case file

May 10, 2021 In Camera Inspection by Judge Lynn Hughes on Exhibits 1, 2, and 3 that were sent to Attorney General Ken Payton cited in case no. H-20-3740

August 10, 2021 Judge Lynn Hughes issued a partial dismissal opinion based on Fraud. Under item 3, Judge Hughes stated that

41

Hall's claims were barred by a two year statute of limitation which expired on May 31, 2020. Hall further claimed in his pleadings that he received new evidence from an open record request on [May 28, 2020] of an email received on June 12, 2020 from Kim Coyne that his ex-wife made a police complaint not a police report against him. This email was used to file the lawsuit on November 2, 2020. Therefore, the new evidence verified that the City of Houston had engaged in fraudulent concealment of records which tolled the two year statute of limitations.   Hall informed the Court that the May 31, 2018 City of Houston document which Judges Hughes cited in partial dismissal order was cited by a Houston FBI agent as fabricated evidence. This document was removed from Hall's file on May 5, 2021. Judge Hughes further erred regarding the law when he claimed that the 42 USC 1981 was barred based on 2 year statute of limitation; when the law grants a four year statute of limitation claim without a need for an EEOC complaint. Therefore, Hall's lawsuit no. H-20-3740 could not be dismissed.

September 13, 2021 Judge Lynn Hughes stated in his dismissal order that a City of Houston employee, Kim Coyne, didn't exist in order to deny the new evidence which was the [June 12, 2020 email] that was requested on May 28, 2020. Not only was the June 12, 2020 new evidence. It also was made prior to the May 31, 2020 statute of limitations that Judge Hughes and the City of Houston claimed.

October 4, 2023, open record clerk, Kim Coyle, emailed me in reference to an F-5 request from the Houston Police Open Record Section. PO 59197-092523.

September 19, 2022, Spikes signed my employment contract for global security officer for salary of $1.5 million, then increased to $3.5 million.

October 3, 2022  Gun range instructor informed me that my payroll

Case: 24-20253    Document: 5-1    Page: 54    Date Filed: 06/07/2024

was flagged with derogatory administrative personnel concerns information that was fabricated from the May 8, 1995. Hall was denied the identification card initially based on the derogatory comments affixed to his payroll. [Affidavit Filed on May 30, 2023]

October 8, 2022 Attorney Ursula Williams, HPD police attorney, authorized Hall to receive his HPD identification card

Feb. 18, 2023 Dissolve all pre-existing PUE departments - Spikes' Hall's former employer at Pure Urban Excellent

Feb, 20, 2023 Severance Letter with condition not to file EEOC age discrimination lawsuit for $25k by Spikes

Mar. 5, 2023 Spikes promised Ashley Kemp a $500k Communication position affidavit

Mar. 5, 2023 Spikes promised Barbara Kemp a $150k Security position affidavit

Mar. 6, 2023 Joaquina Spikes told Sergeant Jefferson that I was terminated because I wouldn't drop my City of Houston lawsuit

April 17, 2023 Plaintiff discovered that the Pearland Police Department made a theft report. The Pearland Police Department never notified Plaintiff of the report.

Nov. 22, 2022, Spikes authorized me to process employee files.

Mar, 10, 2023 Joaquina Winslow made a theft report against Dr. Hall to the Pearland Police Department 23-002390   31.03 PC 3700 Blk Smith Ranch Rd. Pearland, Tx.

43

Mar. 10, 2023 Joaquina Winslow discuss EEOC discrimination complaint EEOC Director Rayford Irvin prior to Pearland Police complaint of theft

May 3, 2023 Summons and Complaint styled in Spikes; received as Joaquina Winslow

May 8, 2023 Spikes letter to Court advocating a countersuit 4:23 -cv-01620; filed May 19, 2023 by Clerk (within 21 days). Answer to complaint and summons due May 30, 2023

May 9, 2023 Joaquian Spikes claimed that she will file a countersuit against Hall with Clerk via a memo within 21 days of being served a complaint and summons.

May 22, 2023 Judge order for substitute service

May 26, 2023 Attorney Cohen and Attorney U. Williams filed for dismissal

May 30, 2023 Affidavit citing Fraud

May 31, 2023 Summons and complaint returned Officer Sears

June 1, 2023 Motion to Suspend Default Judgment until after Evidentiary Hearing and Subpoena Duces Tecum

June 13, 2023 Request for Motion for Evidence Hearing

June 27, 2023 Request Motion for Default Judge based on employment contract

July 13, 2023 Request Motion for Default Judge Rule 55

44

July 17, 2023, Joaquina A. Winslow's background check revealed 3 social security numbers, three names, three driver's licenses, 2 bankruptcies, 37 Judgments, 32 Evictions

August 21, 2023 Motion to Compel Disclosure for City of Houston, Spikes, City of Pearland

August 24, 2023, Judge Hoyt denied Evidentiary Hearing, Subpoena Duces Tecum, -Spikes and Williams-cited no fraudulent pleading had occurred

August 25, 2023 Motion to Dismiss by City

August 25, 2023 Motion to Dismiss by Attorney U. Williams

September 26, 23 Motion to Dismiss by Pearland

October 18, 2023 Second Motion to Enter Default Judgment

October 18, 2023 Motion for Leave to Disqualify Judge Hoyt

October 23, 2023 Motion for Evidentiary Hearing

November 13, 2023 Motion in Opposition by City of Houston

November 17, 2023 Motion to Recuse Judge Hoyt

November 20, 2023 Motion to Amend for Evidence Hearing

November 28, 2023 Motion to Second Recuse Judge Hoyt

January 18, 2024 Hall Affidavit

January 29, 2024 Affidavits by T. Wright, L. Boyce, W. Boyce, N. Wells, C. Wells, of fraud and theft        45

**January 31, 2024 Hall Affidavit**

**Feb. 2, 2024 Affidavit and Business records showing fraud and theft by Spikes, Winslow, aka Sykes**

**March 26, 2024 Hall Affidavit citing Judicial Notice of Fraud based on Evidence Presented**

**May 7, 2024 Motion to Consolidate Small Claims under 42 USC 1981 Case No. 4:23-cv-01620**

**FBI Memo Claiming May 31, 2018 document was fabricated evidence (removed from file)**

**Order by Judge Hoyt - 8-24-24**

**Joaquina Spikes aka Joaquina Winslow letter to Federal Clerk 1-6-23**



EXHIBIT
11

# Pure Urban Excellence, LLC

2743 Smith Ranch Rd., Suite 1102
Pearland, TX 77584
Office: (832) 351-2348

May 9, 2023

Re: Civil Action File Number 4:23-CV-01620

Plaintiff: John E. Hall

United States Courts
Southern District of Texas
FILED

MAY 19 2023

Nathan Ochsner, Clerk of Court

Dear United States District Court of Texas:

As I am replying to the accusations within this attempt to sue, I only would like to acknowledge
to the court at this time that myself, my employees and my company will be entering a
countersuit against John E. Hall. All documents received have been forwarded to our local
attorney. As we show respect to law and the courts, this is the response as to 21 days were the
timeframe to respond. However, legal action to the full extent of the Texas law shall be
requested today and every day forth against John E. Hall.

Warmest Regards,

Dr. J. Spikes

Dr.J.Spikes, CEO

United States District Court
Southern District of Texas
**ENTERED**
August 24, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

JOHN E. HALL,  §
§
*Plaintiff,*  §
§
v.  §
§  **Civil Action No.: 4:23-cv-01620**
JOAQUINA SPIKES, PUE LLC, PUE  §
ENERGY GROUP, THE CITY OF  §
HOUSTON, CITY OF PEARLAND,  §
PEARLAND POLICE OFFICER F.A.  §
SEARS, ERSULA ROBINSON,  §
ATTORNEY URSULA N. WILLIAMS,  §
UNKNOWN HPD INTERNAL  §
AFFAIRS INVESTIGATOR, and  §
HENRINE McCULLUM,  §
§
*Defendants.*  §

<u>**ORDER**</u>

Before the Court are multiple motions by Plaintiff John E. Hall related to his request for an evidentiary hearing. Having reviewed the motions, the responses by Defendants, and the applicable law, the Court is of the opinion that Plaintiffs' motions should be DENIED. It is therefore

ORDERED that Plaintiff's Motion for Evidentiary Hearing and Sanctions for Frivolous Pleadings Based on Fraud [Doc. 12] is DENIED;

ORDERED that Plaintiff's Motion for Evidential Hearing [Doc No. 17] is DENIED;

ORDERED that Plaintiff's Motion for Permission to Subpoena Duces Tecum Witnesses for Evidentiary Hearing Scheduled for City of Houston, Attorney Ursula Williams, and Joaquina Spikes based on Fraudulent Pleadings and Law Violations [Doc. No. 21] is DENIED; and

ORDERED that Plaintiff's Motion for Permission to Subpoena Duces Tecum Witnesses for Evidentiary Hearing Scheduled for Attorney Ursula Williams based on Fraudulent Pleadings and Known Law Violations [Doc. No. 21] is DENIED

It is so ORDERED.

SIGNED in Houston, Texas on  August 24 , 2023.

Kenneth M. Hoyt
United States District Judge

Case: 24-20253   Document: 5-1   Page: 61   Date Filed: 06/07/2024

Evidence that Exhibit 2 (Referenced in May 31, 2018 letter) was fabricated, or does not exhist.

If Exhibit #2 has been sealed + is up to the courts to unseal, a2 is not a FBI matter.

SA Steve Lupo



86